
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT RIVERA, as Administrator of the Estate of ANGEL RIVERA aka ANGEL L. RIVERA VAZQUEZ, Deceased,

Plaintiff,

-against-

EASTCHESTER REHABILITATION AND HEALTH CARE LLC d/b/a EASTCHESTER REHABILITATION and HEALTH CARE CENTER; EASTCHESTER REHABILITATION and HEALTH CARE CENTER,

Defendants.

No. 22-cv-02019 (CM)

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

McMahon, J.:

In April 2020, in the height of the Coronavirus ("COVID-19") pandemic, Angel Rivera – a resident of Defendants' nursing home facility, Eastchester Rehabilitation and Health Care Center – contracted severe acute respiratory syndrome coronavirus 2 ("SARS-CoV-2") and died.

Thereafter, on February 2, 2022, Plaintiff Robert Rivera ("Plaintiff" or "Rivera"), as administrator of the estate of the decedent Angel Rivera and Angel's next of kin, filed a complaint against Defendants in the Supreme Court of the State of New York, County of Bronx (the "State Court Action"). He claimed Defendants failed to protect residents of the Eastchester facility from exposure to staff and patients with COVID-19 and that due to Defendants' failure, Angel unnecessarily lost his life. Plaintiff asserted one statutory claim for violation of New York Public Health Law § 2801-D and 2803-C and six common law claims for negligence, pain and suffering, wrongful death, gross negligence and nursing home malpractice. (*See* Dkt. No. 1, at 19-36).

Defendants timely removed the case to this Court on March 10, 2022. Defendants claim there are multiple grounds for jurisdiction: (1) the Complaint "arises under" federal law pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442(a)(1) and 1446 and the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e (2020), and related federal regulations, as the PREP Act completely preempts Plaintiff's claims; (2) the Court has jurisdiction under the federal officer removal statute, 28 U.S.C. §1442(a)(1), because Defendants were subject to government "directives" to "treat and prevent the spread of COVID-19" and thus were "private surrogates" for the federal government, acting "at the specific direction and oversight of the federal government"; and (3) the Court has jurisdiction under the *Grable* doctrine, *see Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Nfg.*, 545 U.S. 308, 315 (2005), because "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of [*Grable*] in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities, and in having a uniform interpretation of the PREP Act." (*See* Dkt. No. 1).

Pending before the court is Plaintiff's motion to remand to state court. (Dkt. No. 7). Plaintiff claims remand is warranted because the Complaint alleges only state law claims, the parties are not diverse, and the action is not removable on any of the bases proffered by Defendants. Defendants oppose this motion. (Dkt. No. 9).

For the following reasons, Plaintiff's motion to remand is GRANTED.

## DISCUSSION

### I. STANDARD

The removing party "bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "Given 'the

congressional intent to restrict federal court jurisdiction, as well as the importance of preserving state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Berger v. New York Univ.*, No. 19 Civ. 267 (JPO), 2019 WL 3526533, at *1 (S.D.N.Y. Aug. 2, 2019) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (per curiam) (quoting 28 U.S.C. § 1447(c)). Generally, "a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal." *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) (citing *Vera*, 335 F.3d at 116 n. 2). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." *Hill v. Delta Int'l Mach. Corp.*, 386 F.Supp.2d 427, 429 (S.D.N.Y.2005).

## II. THERE IS NO FEDERAL JURISDICTION OVER THIS LAWSUIT

Defendants have not carried their burden of demonstrating that removal is proper, and remand is required. The Court rejects Defendants' arguments that there is federal jurisdiction in this case under the PREP Act, the federal officer removal statute, or the *Grable* doctrine.

As I and many of my colleagues have repeatedly found throughout the COVID-19 pandemic, not one of these provides federal question jurisdiction for garden-variety state law claims such as Plaintiff's. *See e.g.*, *Garcia v. New York City Health & Hosps. Corp.*, No. 20-cv-9970 (CM), 2021 WL 1317178 (S.D.N.Y. Apr. 8, 2021); *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238 (E.D.N.Y. 2021) (Chen, J.); *Shapnik v. Hebrew Home for the Aged at Riverdale*, 535 F.Supp.3d 301, 317 (S.D.N.Y. 2021) (Liman, J.); *Rivera-Zayas v. Our Lady of*

*Consolation Geriatric Care Ctr.*, No. 20-CV-5153 (NGG) (JMW), 2021 WL 3549878 (E.D.N.Y. Aug. 11, 2021) (Garaufis, J.); *Leroy v. Hume*, 554 F.Supp.3d 470 (E.D.N.Y. 2021) (Ross, J.); *Escobar v. Mercy Medical Center*, No. 21-cv-02101 (JMA) (ARL), 2022 WL 669366 (E.D.N.Y. Mar. 7, 2022) (Azrack, J.).

While Defendants contend that this question is unsettled, the Court disagrees. The Third, Fifth, Seventh, and Ninth Circuits, as well as *dozens* of district courts across the country -- including many in this Circuit -- have already addressed the same arguments about the preemption under PREP Act, the federal officer removal statute, and the *Grable* doctrine in the context of the COVID-19 pandemic and the *overwhelming* consensus is that none of these confer jurisdiction over state law claims like Plaintiff's. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 400 n.2 (3rd Cir. 2021) ("Nearly every federal district court to confront these cases has dismissed for lack of jurisdiction and remanded to the state court.") (citing cases); *and see Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022) (finding PREP Act not a complete preemption statute and nursing home was not "acting under" federal officer or agency direction required to support removal under federal officer statute; remand affirmed); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580 (5th Cir. 2022) (same and finding that *Grable* does not apply); *Martin v. Petersen Health Operations, LLC*, --- F.4th ----, 2022 WL 2154870 (7th Cir. Jun. 15, 2022) (same). In fact, in the most recent of the circuit cases, which involved state law claims against a nursing home for a COVID-19-related death, the Seventh Circuit remarked that "more *than 80 other suits have been removed and remanded* in districts throughout the nation." *Martin*, 2022 WL 2154870, at *1 (emphasis added) (affirming remand).

Defendant relies on one since-abrogated case in support of its contention that "other jurisdictions have concluded that the PREP Act preemption is implicated" in cases like this one.

(Dkt. No. 9, at 16 (citing *Garcia v. Welltower OpCo Group, LLC*, 522 F.Supp.3d 734 (C.D.Cal. 2021)). However, the reasoning in *Welltower* was overruled by the Ninth Circuit in another case. *See Saldana*, 27 F.4th at 683-689. *Welltower* was obviously wrongly decided, and it would not be precedential in this court in any event. Here, the Court follows the strong consensus among federal courts in agreeing that there is no federal subject matter jurisdiction over Plaintiff's state law claims.

Plaintiff's claims do not "arise under" federal law. "A cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Here, Plaintiff's complaint asserts common-law claims for negligence, pain and suffering, wrongful death, gross negligence and nursing home malpractice and statutory claims for violations of New York Public Health Law. This is not a case of "artful pleading" in which the Plaintiff is disguising what are essentially federal claims in state law clothing. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983) ("a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint"). These are simply no federal claims on the face of Plaintiff's complaint.

And the PREP Act does not completely preempt Plaintiff's claims. Rather than engage in a lengthy discussion of these issues, the Court refers the reader to the well-reasoned decision of my colleague across the river Judge Chen in *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238 (E.D.N.Y. 2021), in which I wholeheartedly concur. Defendants' arguments that *Dupervil* was wrongly decided (*see* Dkt. No. 9, at 15-16, 18-19) are unpersuasive. The *Dupervil* decision is not a one-off case and since it was decided, over 80 courts have followed similar reasoning to reach the same result: remand. I adopt the *Dupervil* reasoning and join the consensus among federal

courts finding that the PREP Act does not completely preempt state law claims arising out of the COVID-19 pandemic. *See supra* at pages 3-4.

Second, Defendants have failed to demonstrate that Eastchester Rehabilitation and Health Care Center was "acting under" a federal officer for the purpose of federal officer jurisdiction. To qualify as "acting under" a federal officer, a party must have been involved in "an effort to assist or help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007). Merely complying with federal directives and regulations does not fall within the scope of Section 1442(a)(1), even if the actor is a highly regulated private entity. *Id.* at 153; *see also Veneruso v. Mt. Vernon Neighborhood Health Center*, 586 Fed. Appx. 604, 607-08 (2d Cir. 2014). Defendants claim that because they were subject to government "directives" to "treat and prevent the spread of COVID-19," they were acting under federal officers. (Dkt. No. 1, at 5). That does not suffice. *See Dupervil*, 516 F. Supp. 3d at 260-61; *Leroy*, 554 F.Supp.3d at 481-82. The federal officer removal statute does not confer jurisdiction in this case.

Finally, plaintiffs' state-law claims do not "necessarily raise" a substantial federal issue within the meaning of *Grable*. Again, the Court refers the reader to the well-reasoned opinion of a colleague, Judge Liman, where he explained exactly why *Grable* "does not support federal question and removal jurisdiction in this case." *See Shapnik*, 535 F.Supp.3d at 319-320.

Plaintiff's claims are not removable.

**CONCLUSION**

Plaintiff's motion to remand to state court is GRANTED. The Clerk of Court is directed to close this case, terminate the motion at Docket Number 7, and transmit the file forthwith to the Clerk of Court in the Supreme Court, Bronx County.

The civil conference scheduled for June 23, 2022 is cancelled.

This constitutes the decision and order of the court. This is a written opinion.

Dated: June 21, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL